UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |

| | |
|---|---|
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion to Remand

Plaintiffs Sobertec LLC ("Sobertec") and Beachside Recovery LLC ("Beachside") (together— "Plaintiffs") filed a motion to remand. (Mot., Dkt. No. 21.) Defendants UnitedHealth Group Incorporated ("UHGI"), United HealthCare Services, Inc. ("UHSI"), United Healthcare Insurance Company ("UHIC"), United Behavioral Health ("UBH"), UnitedHealthcare Service LLC (together— "United"), Optuminsight, Inc., and Optum Services, Inc. (all together— "Defendants") opposed the motion. (Opp'n, Dkt. No. 28.) Plaintiffs replied. (Reply, Dkt. No. 30.)

For the following reasons, the Court **grants** the motion to remand.

**I. BACKGROUND**

Plaintiffs allege the following. Plaintiffs operate addiction treatment facilities in Orange County, California that are licensed and certified to provide detox, residential inpatient, and intensive outpatient services. (Complaint, Dkt. No. 1-1, Ex. A ¶¶ 53, 54.) UHIC and UHSLLC provide or manage health insurance coverage policies at issue with the other defendants. (Id. ¶ 74.) UBH and Optum are responsible for reviewing, authorizing, processing, and paying claims submitted by Plaintiffs for beneficiaries of UHSI, UHIC, and/or UHSLLC. (Id. ¶ 75.) UBH and Optum are responsible for reviewing and responding to provider appeals and performing so-called audits and investigations of mental health services providers, including Plaintiffs. (Id.) Plaintiffs have been providing addiction treatment services to Defendants' insureds as out-of-network providers since 2012 and 2015, respectively. (Id. ¶ 76.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

    Although no in-network agreement applied, Defendants' insureds sought out Plaintiffs as their providers to render care, and Plaintiffs therefore regularly treated Defendants' insureds and promptly submitted bills to Defendants for payment at Plaintiffs' reasonable and customary rates for those out-of-network services. (Id. ¶ 80.) Consistent with industry norms and custom, when approached by United's insureds, Plaintiffs first called Defendants to verify their members' benefits and confirm those members' eligibility, and obtain basic information about their coverage for the purposes of receiving mental healthcare, such as effective coverage date, deductibles, copays, out-of-pocket maximums, and the plan's rate structure for out-of-network services. (Id. ¶ 81.) During each of these verification calls, Defendants gave Plaintiffs a unique reference number that could be used to identify the specific call. (Id.)

    Before Plaintiffs provided any substantial treatment to a particular member, Plaintiffs would call Defendants again for an initial "pre-authorization" or "pre-certification" to provide care to that member. (Id. ¶ 82.) During this pre-authorization process, Defendants would typically request information about Plaintiffs' facilities to confirm that Plaintiffs are eligible providers. (Id.) Then, Defendants and Plaintiffs would typically discuss the particulars of the member's clinical presentation, needs, and the specific treatments that Plaintiffs identified as necessary for that member. (Id.) In so doing, Plaintiffs would ordinarily provide information obtained from the member, such as the member's mental status, vital signs, current medications, medical history, and other relevant details as requested in order to determine whether the proposed course of treatment was appropriate. (Id.) Based on this clinical discussion, Defendants would then "authorize" Plaintiffs to provide the specific proposed care. (Id.) For any further authorizations, Plaintiffs and Defendants would engage in detailed, further clinical discussions about the member's progress, status, and need for further treatment. (Id. ¶ 83.) Plaintiffs relied on these benefits verifications, authorizations and related representations from Defendants, and this course of dealing generally, consistent with industry custom and practice, in agreeing to provide care to Defendants' insureds. (Id. ¶ 84.)

    Prior to 2016, Plaintiffs and Defendants generally conducted business successfully and efficiently, and without significant incident. (Id. ¶ 85.) Defendants would typically process and pay Plaintiffs' claims fairly and promptly, generally within 30 to 45 business days from the date of Defendants' receipt of those claims. (Id.) Defendants generally

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

paid Plaintiffs in a manner consistent with the information that Defendants conveyed during the process of verifying the members' benefits and generally would not request the submission of medical records with the claims. (Id.)

Defendants knew that Plaintiffs were treating, and would continue to treat, their insureds. (Id. ¶ 114.) Both Defendants and Plaintiffs knew or had reason to know that the other party would interpret their ongoing relationship and performance as creating a contract under which Defendants agreed to pay Plaintiffs for Plaintiffs' out-of-network services rendered to Defendants' insureds at Plaintiffs' reasonable rate for such services. (Id.) Plaintiffs have performed all duties required under this implied-in-fact contract. (Id. ¶ 115.) Defendants knew that Plaintiffs' services were not being provided to Defendants' insureds free of charge. (Id. ¶ 118.) When Defendants' insureds and enrollees sought addiction treatment from Plaintiffs, Defendants confirmed to Plaintiffs that the treatment was authorized and would be covered. (Id. ¶ 119.) Defendants specifically requested and authorized Plaintiffs' services or otherwise promised, consented pledged, agreed, and committed to pay the reasonable cost of Plaintiffs' services rendered to Defendants' insureds. (Id.) It was only after Plaintiffs rendered the treatment that Defendants refused to compensate Plaintiffs for these services. (Id. ¶ 120.) Defendants also represented to Plaintiffs that their claims and their facilities were under a valid "audit" and that, as a result, Plaintiffs were obligated to submit paperwork and other information, including extensive medical records, which Defendants represented would be received, reviewed, and used to process the claims, satisfy the audit if an 85% "passing rate" was achieved, and that Plaintiffs' compliance and diligent response to such requests would ultimately result in Plaintiffs' removal from the audit and "pre-payment" review. (Id. ¶ 131.) As a result of Defendants' representations concerning coverage and payment and the validity of Defendants' audit and claim review process, Plaintiffs continued rendering services to Defendants' insureds. (Id. ¶ 134.) Plaintiffs provided services to Defendants' insureds at great cost and have not received payment from Defendants for those services. (Id. ¶ 135.)

Defendants had a duty to fairly and competently receive, review, and process Plaintiffs' claims and supporting information submitted in connection with those claims. (Id. ¶ 146.) Defendants, however, have continually and grossly mishandled Plaintiffs' claims and supporting documentation. (Id. ¶ 147.) Defendants have also failed to timely or accurately respond to Plaintiffs' requests for information. (Id. ¶ 148.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1206 JVS (MRWx)     Date  September 5, 2019

Title  Sobertec LLC v. UnitedHealth Group, Inc., et al.

On May 14, 2019, Plaintiffs brought suit in California state court against Defendants alleging claims for (1) breach of implied-in-fact contract; (2) quantum meruit; (3) promissory estoppel; (4) fraud and deceit; (5) negligent misrepresentation; (6) negligence; and (7) unfair competition. (Complaint, Dkt. No. 1-1, Ex. A.) On June 17, 2019, Defendants removed the case on the basis of federal question jurisdiction. (Not., Dkt. No. 1.) Plaintiffs now seek remand of the case. (Mot., Dkt. No. 21.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

## III. Discussion

### A. ERISA Preemption

Preemption under ERISA § 502(a), 29 U.S.C. § 1132(a), establishes federal subject matter jurisdiction. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 945–46 (9th Cir. 2009); Fossen v. Blue Cross & Blue Shield of Montana, Inc., 660 F.3d 1102, 1107 (9th Cir. 2011). A participant or beneficiary may bring a civil action under §502(a) "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "[T]he question whether a law or claim 'relates to' an ERISA plan is not the test for complete preemption under § 502(a)(1)(B)." Marin Gen. Hosp., 581 F.3d at 949. Rather, to determine if ERISA § 502(a) preemption applies, the Court must consider whether Defendants have shown that "(1) 'an individual, at some point in time, could have brought [the] claim[s] under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

actions.'" Id. at 946 (quoting Aetna Health v. Davila, 542 U.S. 200, 210 (2004)). Defendants must establish that both prongs are satisfied. Fossen, 660 F.3d at 1108.

Three of the Plaintiffs' patients plans are governed by ERISA. (Not., Dkt. No. 1 ¶ 9.) Defendants removed the Plaintiffs' case despite the complaint alleging only state-law causes of action arguing that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempts these causes of action. (Id. ¶ 7.) Specifically, Defendants assert that some of those state law causes of action are entirely encompassed by Section 502(a) of ERISA, 29 U.S.C. Section 1132(a) such that the Complaint is converted into a federal claim for purposes of the well-pleaded complaint rule because several of the patients involved are beneficiaries or participants in ERISA health plans. (Id. ¶¶ 7-9.) See Aetna Health Inc. v. Davila, 542 U.S. 200, 207–08 (2004).

### 1. Davila's First Prong

Since Plaintiffs submitted claim forms to United indicating that they had received an assignment of ERISA plan benefits from the patient, Defendants argue that Plaintiffs could have brought suit as assignees under ERISA for their patients whose claims are covered under ERISA plans. (Not., Dkt. No. 1 ¶ 10.) Because Plaintiffs seek a declaration that their "[c]laims for payment are valid and enforceable against Defendants and Defendants' claim denials and processing delays are unlawful," Defendants state that the claims for benefits that Plaintiffs brought on behalf of their clients relies upon benefits under ERISA. (Id. ¶ 11.) In addition, Defendants say that Plaintiffs allege that United violated the administrative review procedures established under ERISA Section 503 and 29 C.F.R. Section 2560.503-1 because Plaintiffs' claims are based on Defendants' duties under ERISA's regulatory scheme. (Id. ¶ 12.) Further, Defendants argue that the implied contract described in the complaint is properly characterized as a claim for ERISA benefits because the course of conduct described is undertaken pursuant to ERISA's claims regulations and plan terms, making such claims completely preempted. (Id. ¶ 13.) See Melamed v. Blue Cross of California, 557 F. App'x 659, 661 (9th Cir. 2014) (quoting Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1226 (9th Cir.2005)) ("[Plaintiff's] breach of implied contract claim is completely preempted because through that claim, [Plaintiff] seeks reimbursement for benefits that exist 'only because of [the defendant's] administration of ERISA-regulated benefit plans.'"). Likewise, Defendants contend that all remaining claims are preempted because any

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

alleged obligation to pay Plaintiffs arises from ERISA or the terms of ERISA plans, and any allegations regarding misrepresentations could be adjudicated under ERISA Section 502(a). (Not., Dkt. No. 1 ¶ 14.)

Plaintiffs instead counter that their state-law claims are not preempted because they are: (1) not predicated on any patient-assignment, and (2) based on an insurer's direct representations and course of conduct with respect to the provider, such that they involve duties independent of ERISA. (Reply, Dkt. No. 30 at 1.)

"[T]he mere fact that [Plaintiffs] could have brought suit against [Defendants] under § 502(a)(1)(B) [does] not automatically mean that [Plaintiffs] could not bring some other suit against [Defendants] based on some other legal obligation." Marin Gen. Hosp., 581 F.3d 941, 948 (9th Cir. 2009). See Blue Cross of California v. Anesthesia Care Assocs. Med. Grp., Inc., 187 F.3d 1045, 1047 (9th Cir. 1999) ("[T]he fact that these medical providers obtained assignments of benefits from beneficiaries of ERISA-covered health care plans does not convert their claims into claims for benefits under ERISA-covered health care plans."). Here, Plaintiffs' complaint does not rely on the assignments of ERISA benefits whatsoever as a basis for their legal claims, which seek recovery based on other obligations stemming from a "direct contractual relationship that arose" between Plaintiffs and United, rather than one dependent on an ERISA plan. Catholic Healthcare W.-Bay Area v. Seafarers Health & Benefits Plan, 321 F. App'x 563, 564 (9th Cir. 2008). In contrast to the plaintiff in Lodi Mem'l Hosp. Ass'n v. Tiger Lines, LLC, No. 2:15-CV-00319-MCE, 2015 WL 5009093 (E.D. Cal. Aug. 20, 2015), a case that Defendants rely heavily upon, Plaintiffs here identify "an independent contract, agreement or obligation apart from obligations under the plan agreement itself" based on the implied-in-fact agreement from course of conduct and other representations made by United before Plaintiffs provided or continued providing patient services. Id. at *6. See Doctors Med. Ctr. of Modesto, Inc. v. Gardner Trucking, Inc., No. 116CV01674DADSAB, 2017 WL 781498, at *5 (E.D. Cal. Feb. 28, 2017) ("[P]laintiff specifically alleges the existence of a contract, independent from the plan agreement. Whatever defendant thinks of the validity of plaintiff's implied in fact contract claim under California law is immaterial for purposes of this court's jurisdictional analysis."). Melamed is also distinguishable because the plaintiff in that case claimed "that he is owed money as a third-party beneficiary under the terms of his patient's ERISA plan," as

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

opposed to separate, oral agreements. 557 F. App'x at 661. Accordingly, the Court finds that the first Davila prong is not met.

### 2. Davila's Second Prong

"[S]tate-law claims are based on 'other independent legal dut[ies]' where the claims 'are in no way based on an obligation under an ERISA plan' and the claims 'would exist whether or not an ERISA plan existed.'" Healthcare Ally Mgmt., No. CV1705981SJOMRWX, 2017 WL 4083142, at *3 (quoting Marin, 581 F.3d at 950). Plaintiffs' claims are not based on an obligation under an ERISA plan, but rather on oral representations and implied contracts, and the state-law relied upon does not apply only to ERISA plans. See Port Med. Wellness Inc. v. Connecticut Gen. Life Ins. Co., No. CV-13-03604 BRO PLAX, 2013 WL 5315701, at *6 (C.D. Cal. Sept. 18, 2013) ("Plaintiff's right to recovery depends entirely on the operation of a third-party contract that is independent of the Plan itself."). Cf. Fossen, 660 F.3d at 1111–13 (finding complete preemption when "the cause of action [was] identical to and expressly dependent upon ERISA"). Defendants acknowledge that their arguments have been rejected in cases that "involve express or implied agreements to pay benefits that were independent of the terms of the ERISA plans at issue," and the Court finds that a such a situation applies here. (Opp'n, Dkt. No. 28 at 17.) See Marin. Bay Area Surgical Mgmt., LLC v. United Healthcare Ins. Co., 2012 U.S. Dist. LEXIS 109953, at *10 (N.D. Cal. Aug. 6, 2012); Regents for the Univ. of Cal. v. UnitedHealthcare Ins. Co., 2012 U.S. Dist. LEXIS 138530, at *11 (S.D. Cal. Sept. 24, 2012); Bay Area Surgical Mgmt. LLC v. United Healthcare Ins. Co., 2013 U.S. Dist. LEXIS 176682, at *9 (N.D. Cal Dec. 16, 2013); Temple Hosp. Corp. v. Gomez, 2014 U.S. Dist. LEXIS 33166, at *7 (Mar. 11, 2014); Ghosh v. Aetna Health of Cal., Inc., 2012 U.S. Dist. LEXIS 142673, at *15–16 (S.D. Cal. Oct. 2, 2012). Accordingly, the Court finds that the second prong of the Davila test has not been met.

Since the Court finds that Defendants have not met their burden of showing that there was complete preemption to make render removal proper, the Court does not have federal question jurisdiction based on ERISA preemption.

### B. Negligence Claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1206 JVS (MRWx)                                   Date  September 5, 2019

Title  Sobertec LLC v. UnitedHealth Group, Inc., et al.

Defendants argue in their Notice of Removal that Plaintiffs' claim that the Defendants failed to "fairly and competently receive, review, and process Plaintiffs' claims" [] arises under ERISA, not California law.  (Not., Dkt. No. 1 ¶ 16.)  But likewise, since Plaintiffs are not suing as assignees, the duty need not stem from ERISA.  Thus, the Court does not have federal question jurisdiction based on the negligence claim.

**C.    UCL Claim**

In their Notice of Removal, Defendants state: "the UCL claim purports to raise claims under the federal Mental Health Parity Act, which is incorporated into ERISA under 29 U.S.C. Section 26 1185a.  Although presented under the guise of state law terms, [the UCL] claim seeks to adjudicate claims that are both completely preempted by ERISA and also present federal questions under 28 U.S.C. Section 1331."  (Not., Dkt. No. 1 ¶ 17.)

At the hearing on this motion, the Court sought clarification from the parties as to whether the allegations regarding a violation of the federal Mental Health Parity Act as a basis for an unlawful UCL claim.  Defendants filed an unopposed Notice of Supplemental Authority including the decision in Rains v. Cirterion Sys, 80 F.3d 339 (9th Cir.1996).  (Not., Dkt. No. 32, Ex. A.)  In Rains, the Ninth Circuit determined that plaintiff's reference to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2 did not establish federal question jurisdiction because: (1) federal law did not create any of the state law causes of action plaintiff asserted; (2) the complaint was not "artfully pleaded" to avoid federal jurisdiction; and (3) none of plaintiff's state law claims "necessarily turned on the construction of a substantial, disputed federal question."  80 F.3d 339 at 343.

Here, Plaintiff alleged a UCL claim, and referenced violations of the federal Mental Health Parity Act ("MHPA") along with the California Mental Health Parity Act, California's Unfair Insurance Practices Act, California Insurance Code § 2695.7, and California's Knox-Keene Health Care Service Plan Act of 1975 as the basis for unlawful conduct.  As in Rains, reference to violations of the MHPA does not establish federal question jurisdiction because the MHPA does not create the state law causes of action and the state law claims do not turn on the construction of the MHPA because Plaintiffs "also invoke[] a state constitutional provision or a state statute that can and does serve the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 19-1206 JVS (MRWx) | Date | September 5, 2019 |
|---|---|---|---|
| Title | Sobertec LLC v. UnitedHealth Group, Inc., et al. | | |

same purpose." Id. at 345. Additionally, as noted by Plaintiffs' counsel during oral argument, Plaintiffs have not shown that they have UCL standing for an ERISA-based claim since they do not bring suit as assignees. See Birdsong v. Apple, Inc., 590 F.3d 955, 960 (9th Cir. 2009)("[T]o plead a UCL claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct.") Accordingly, the Court finds that there is no federal question jurisdiction on the basis of the UCL claim.

Because the Court has no subject matter jurisdiction, the Court **grants** Plaintiffs' motion to remand.

## C. Attorneys' Fees

"[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447© only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

Plaintiffs request attorneys' fees, arguing that Defendants' removal was "objectively unreasonable," particularly in light of their failure to reference Marin and the various cases in which courts have already rejected similar arguments posed by United in other situations. (Mot., Dkt. No. 21 at 19–24.) But United's failure to cite Marin stems from its position that Marin is inapplicable to the facts of this case. (Opp'n, Dkt. No. 28 at 21.) While the Court disagrees with that position, in light of the existence of at least some assignments, the Court does not find that United lacked an objectively reasonable basis for removal. Accordingly, the Court declines to award attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the Court **grants** the motion for remand and **denies** the request for attorneys' fees.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 19-1206 JVS (MRWx)   Date  September 5, 2019

Title  Sobertec LLC v. UnitedHealth Group, Inc., et al.

|  |  : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |